UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RUSSELL ALAN CLEMO,

        Petitioner,

    v.

BRAD CAIN, Superintendent, Snake River Correctional Institution,

        Respondent.
_____

Case No. 2:21-cv-01821-AA

OPINION AND ORDER

AIKEN, District Judge.

Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds that his trial counsel provided ineffective assistance before and during trial. Respondent argues that the Petition should be dismissed because it is untimely and barred by the statute of limitations.

Petitioner did not seek federal habeas relief within the one-year limitations period, and his Petition is denied.

Page 1    - OPINION AND ORDER

BACKGROUND

In January 2013, after trial by jury, petitioner was convicted of Attempting to Commit Murder, Assault in the First Degree, Unlawful Use of a Weapon, and Felon in Possession of a Firearm. Resp't Ex. 101. On March 21, 2013, the trial court entered judgment.[1]

Petitioner directly appealed his convictions. Resp't Exs. 105-06. The Oregon Court of Appeals affirmed without opinion, and on November 30, 2015, the Oregon Supreme Court denied review. Resp't Exs. 108-09.

On September 28, 2017, petitioner sought post-conviction relief (PCR) in the Oregon courts. Resp't Ex. 111. The PCR court ultimately denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 161, 167-68, 178-79. On December 13, 2021, appellate judgment issued. Resp't Ex. 179.

On December 16, 2021, petitioner signed his federal habeas Petition in this action.

DISCUSSION

Petitioner asserts four grounds for relief arising from counsel's alleged ineffective assistance prior to and during his trial.[2] Respondent argues that the Petition was filed beyond the one-year statute of limitations and is barred from federal review.

Generally, a prisoner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. *See* 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas

---

[1] The trial court issued an Amended Judgment on August 2, 2013.

[2] Petitioner also asserts a fifth ground for relief pursuant to the decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). However, *Ramos* is not retroactive on federal habeas review and petitioner's *Ramos* claim is not cognizable in this proceeding. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1559 (2021). Moreover, during the pendency of his PCR appeal, petitioner filed a successive PCR petition seeking relief under *Ramos*, and that petition remains pending before the PCR court. Resp't Exs. 180-81, 185.

Page 2   - OPINION AND ORDER

corpus by a person in custody pursuant to the judgment of a State court"). A conviction become final and the one-year statute of limitations begins to run when direct review proceedings have concluded. *Id.* §2244(d)(l)(A). The "period of 'direct review' includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a petition for writ of certiorari must be filed "within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13(1).

The Oregon Supreme Court denied review of petitioner's direct appeal on November 30, 2015 and he did not pursue a writ of certiorari. Resp't Ex. 109. Ninety days later, on February 28, 2016, petitioner's convictions became final and the statute of limitations began to run.

The statute of limitations ran for 578 days before petitioner filed his state PCR petition on September 28, 2017. Resp't Ex. 111. The statute of limitations was tolled during the pendency of petitioner's PCR proceeding. 28 U.S.C. § 2244(d)(2) (providing that the "time during which a properly filed application for State post-conviction or other collateral review… is pending shall not be counted toward any period of limitations").

On December 13, 2021, appellate judgment issued in petitioner's PCR proceeding, and the statute of limitations restarted. Resp't Ex. 179. The limitations period ran for another three days until petitioner signed his federal Petition on December 16, 2021. Pet. at 8 (ECF No. 2). In total, the statute of limitations ran for 581 days, well beyond the one-year limitations period.[3]

Petitioner does not dispute the untimeliness of his Petition or assert any basis for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Instead, petitioner suggests that the underlying factual predicate for claims raised in Ground Four, implicating *Brady v. Maryland*, 373

---

[3] It is arguable that the three days between December 13 and December 16, 2021 were tolled by petitioner's successive PCR petition. These three days do not change the underlying analysis or untimeliness of the Petition.

Page 3   - OPINION AND ORDER

U.S. 83 (1963), could not have been discovered during the limitations period. Petitioner agrees to dismiss his Petition with prejudice, provided that the Court finds he may later seek federal habeas relief on his *Brady* claims.

However, the claims and arguments in the Petition belie petitioner's assertion, as the "exculpatory" *Brady* evidence he references was apparently revealed during trial. Pet. at 12-17 (ECF No. 2). Thus, the Petition is untimely and barred by the statute of limitations. Petitioner is further advised that, before he may file a successive federal habeas petition, he must obtain an order from the Court of Appeals for the Ninth Circuit authorizing this Court to consider the successive petition. 28 U.S.C. § 2244(b )(3)(A). The Court makes no finding regarding petitioner's ability to pursue his so-called *Brady* claims at a later date.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED as untimely and petitioner's Motion to Dismiss Petition (ECF No. 22) is DENIED as moot. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this  6th   day of October, 2022.

        /s/Ann Aiken
        Ann Aiken
        United States District Judge